**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| RADOLF | CASE NO. 3:03CV242(MRK) |
|     Plaintiff | LEAD/MASTER DOCKET NO. |
| | |
| | CASE NO. 3:03CV242(MRK) |
| | MEMBER CASE |
| v. | |
| | |
| CONNECTICUT, ET AL | JULY 13, 2004 |
|     Defendants | |

**DEFENDANTS' MOTION FOR PERMISSION TO FILE**
**<u>MEMORANDUM OF LAW IN EXCESS OF FORTY PAGES</u>**

Pursuant to Local Rule 7(a)(2), defendants respectfully request permission to file a Memorandum of Law in Support of Motion for Summary Judgment in excess of forty (40) pages and represent the following:

1.    On March 21, 2003, plaintiff filed his First Substituted Complaint against five (5) defendants:  The University of Connecticut; University of Connecticut Health Center; Peter J. Deckers, Executive Vice President for Health Affairs and Dean of the School of Medicine; Richard Berlin, Associate Dean; and Stephen Wikel.  Drs. Deckers, Berlin, and Wikel are sued both individually and in their official capacities.

2.    Plaintiff's Complaint consists of eight (8) diverse counts totaling 795 paragraphs of allegations and seeks declaratory, injunctive and equitable relief; monetary, compensatory and punitive damages; and costs and attorneys fees.

3.     Plaintiff claims:

(a)     deprivation of his constitutional rights to due process of law in violation of the Fourteenth Amendment in the course of his stepping down from a directorship position;

(b)     deprivation of his constitutional right to due process of law in violation of the Fourteenth Amendment relative to an internal Health Center investigation regarding plaintiff's alleged misrepresentation of percentage of effort of a research associate on NIH grant documents;

(c)     deprivation of his academic freedom in violation of the First amendment when defendants allegedly excluded him from participation in a research project funded by the U.S. Department of Defense in which plaintiff claims a vested proprietary interest;

(d)     deprivation of his constitutional right to due process of law in violation of the Fourteenth Amendment due to defendants allegedly barring him from participation in that research project;

(e)     violations of the public policy of the United States due to intentional subjection of plaintiff to a reputation stigmatizing investigatory proceeding in retaliation for plaintiff's alleged insistence that defendants be guided by appropriate federal regulations in determining allowable expenditures against certain federal grants;

(f)     deprivation of and/or misappropriation of his ownership rights to a body of research data in violation of the Lanham Act, Title 15 U.S.C. § 1125(a) et seq.;

(g)     deprivation of and/or misappropriation of his proprietary rights to a body of research data in violation of the Connecticut Uniform Trade Secrets Act, Conn. Gen. Stat. § 35-50 et seq.;

(h)     violation of plaintiff's exercise of right to freedom of speech under the First Amendment in retaliation for his alleged voicing of opposition to defendants' allegedly wrongful use of federal grant funds; and

(i)     tortious interference with plaintiff's employment relationship with defendants and tortious interference with his professional opportunities.

5.     There has been extensive discovery including numerous depositions all within the time frame set forth in the Court's Scheduling Order.

6.     Defendants represent in good faith that meritorious defenses can be propounded on summary judgment to each of these claims that defendants believe will alleviate the necessity for trial or seriously narrow the scope of the claims requiring trial.

7.     However, the defense to each claim must necessarily require defendants address the legal elements of each claim.  Moreover, defendants respectfully submit they have a viable qualified immunity defense to many, if not each, of the constitutional claims.

8.     Due to the complexity of the legal claims raised and the extraordinary length and breadth of the complaint, defendants represent that they will be seriously prejudiced in their defense if limited to the forty (40) page limit set forth in the rules and not allowed to properly address plaintiff's claims.

9.      Defendants are of the good faith believe that this request for permission is in the interest of judicial economy and convenience and ultimately will benefit the Court.

10.     Counsel represents she has worked assiduously on said Memorandum of Law to present arguments as concisely as possible and still zealously and adequately defend her clients while at the same time fully and completely presenting these matters to the Court as to enable the Court to act on said Motion for Summary Judgment.

11.     Counsel has enlisted the assistance of other counsel in her office to review and edit said Memorandum.

12.     Counsel respectfully submits that she is not known for verbosity and that this is the first request ever for permission to file in excess of the prescribed page limit in twenty-one years of practicing law with the Office of the Attorney General.

WHEREFORE, Defendants respectfully request permission to file a Memorandum of Law in Support of Motion for Summary Judgment of a maximum of seventy (70) pages in length.

DEFENDANT
PETER J. DECKERS

RICHARD  BLUMENTHAL
ATTORNEY GENERAL

_____
JANE D. COMERFORD (Ct 06328)
ASSISTANT ATTORNEY GENERAL
UNIVERSITY OF CONNECTICUT
  HEALTH CENTER
263 Farmington Avenue
Farmington, CT 06030-3803
Tel. (860) 679-1114
Fax (860) 679-1997
E-Mail-Comerford@ADP.UCHC.EDU

4

**ORDER**

The foregoing Motion having been presented to this Court, it is hereby ORDERED: GRANTED/DENIED.

_____
Judge


**CERTIFICATION**


This is to certify that on this 13th day of July, the foregoing was mailed to counsel of record as follows pursuant to FRCP 5(b):


       Thomas W. Bucci, Esq.
       Willinger, Willinger & Bucci, PC
       855 Main Street
       Bridgeport, CT 06604


       _____
       Jane D. Comerford
       Assistant Attorney General