725 (quoting Levering & Garrigues Co. v. Morrin, 289 U.S. 103). Nor do these state and federal claims "derive from a common nucleus of operative fact." Id. Moreover, refusal to exercise pendent jurisdiction is proper to avoid "needless decisions of state law ... both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Id. at 726.

In the present case, the state Courts provide an adequate and more suitable forum for these claims. See Baylis v. Marriott Corp., 843 F.2d 658, 665 (2d Cir. 1988) (When all bases for federal jurisdiction have been eliminated from the case so that only pendent state claims remain, the federal court should ordinarily dismiss the state claims) (citing United Mine Workers, 383 U.S. at 725). Where the federal claims are dismissed before trial, declining to exercise jurisdiction over state claims is the preferred course of action. DiLaura v. Power Authority of New York, 982 F.2d 73 (2d Cir 1992). "Defendants' status as State actors suggests that it would be more appropriate and fair for a state court to determine whether the behavior of "defendants violates state law. McDonald v. Sweetman, Civ. No. 3:02CV1040(MRK), 2004 U.S. Dist. LEXIS 5558 at 21 (D. Conn. 2004).

### I.   DEMAND FOR INJUNCTIVE AND DECLARATORY RELIEF IS BARRED BY ELEVENTH AMENDMENT

Ex Parte Young, 209 U.S. 123, 155-56 (1908), held that the Eleventh Amendment does not prevent federal courts from granting prospective relief to prevent a continuing violation of federal law by a state official. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102-03 (1985). Likewise, a federal court is barred from granting declaratory relief that relates only to the legality of a past action. Green v. Mansour, 474 U.S. 64, 73 (1985).

Plaintiff's voluntary removal from the Directorship, alleged removal from the DoD proposal, the Time and Effort investigation, and the data ownership violation do not constitute a continuing violation of federal law. "These events are in the past and will not occur in the future." Price v. University of Alabama, 2003 U. S. Dist. LEXIS 20160 (N.D. Ala. 2003) at 12 (plaintiff's termination and the University Staff Mediation Council's decision to deny his request for a hearing does not constitute a continuing violation of federal law). "Completed acts such as termination through discharge or resignation, or job transfer, or discontinuance of a particular job assignment, are not acts of a continuing nature." Malarkey v. Texaco, Inc., 559 F. Supp. 117, 121 (S.D. N.Y. 1982), aff'd, 704 F.2d 674 (2d Cir. 1983) (emphasis added). See also Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907 (2d Cir. 1997) ("Lightfoot's attempt to characterize as a continuing violation Carbide's alleged failure to compensate him adequately is therefore unavailing.") (citing Malarkey, 559 F. Supp. at 1121). By requesting declaratory and injunctive relief, plaintiff seeks to have this Court circumvent the Eleventh Amendment by holding defendants, in their official capacities, and thus the State of Connecticut, liable for acts that are not of a continuing nature. As such, his claims for declaratory and injunctive relief are barred by the Eleventh Amendment.

## CONCLUSION

"It is at least judicial folklore, now three quarters of a century old, that one cannot yell "fire" in a crowded theatre when there is no fire." Fong v. Purdue University, 692 F. Supp. 930, 957 (N.D. Ill. 1988). It is equally true that a professor cannot be found guilty of scientific misconduct both by the university at which he is employed and the federal government, and then

59

complain when his employer retains him on staff and attempts to deal with the repercussions of that behavior.

It is not for this Court to decide whether the officials at the University of Connecticut Health Center have acted in total wisdom in dealing with plaintiff and the problems relating to him. "Under Article III of the Constitution and the country's federalistic framework, the basic decisional process of a large state university must and should be vested in the authorities at that university under legislation created at the state level and certainly, in modern times supplemented by federal legislation. The basic decisional processes in that sense are administrative and legislative ones at state, federal and local levels. Unless the Constitution of the United States is clearly implicated, it is not for this court to interfere with those ongoing processes." Id. at 958.

The discretionary choices made by provosts, deans, and faculties in the contexts of hiring, tenure, curriculum selection, grants, salaries, and job assignments all potentially burden individual freedom to some extent, but courts have generally been unwilling to second-guess these necessarily sensitive and subjective academic judgments. See Ewing, 474 U.S. at 225 ("When judges are asked to review the substance of a genuinely academic decision, …they should show great respect for the faculty's professional judgment."); University of Pa. v. EEOC, 493 U.S. 182, 199 (1990) ("[C]ourts have stressed the importance of avoiding second-guessing of legitimate academic judgments."); Parate v. Isibor, 868 F.2d 821, 827 (6th Cir. 1989) ("[B]ecause the University must remain independent and autonomous to enjoy academic freedom, the federal courts are reluctant to interfere in the internal operations of the academy."); Feldman v. Ho, 171 F.3d 494, 495 (7th Cir. 1999) ("A university's academic independence is protected by the Constitution, just like a faculty member's own speech.").

60

In the present case, defendants made legitimate academic judgments when faced with the Plaintiff's misconduct and the repercussions resulting therefrom. Plaintiff has failed to show constitutional violations. Therefore, defendants respectfully submit that summary judgment against plaintiff is appropriate.

DEFENDANTS
UNIVERSITY OF CONNECTICUT, ET AL

RICHARD BLUMENTHAL
ATTORNEY GENERAL

JANE D. COMERFORD (Ct 06328)
ASSISTANT ATTORNEY GENERAL
UNIVERSITY OF CONNECTICUT
  HEALTH CENTER
263 Farmington Avenue
Farmington, CT 06030-3803
Tel. (860) 679-1114
Fax (860) 679-1997
E-Mail-Comerford@ADP.UCHC.EDU

## CERTIFICATION

This is to certify that on this 16th day of August 2004, the foregoing was mailed to counsel of record as follows pursuant to FRCP 5(b):

>Thomas W. Bucci, Esq.
>Willinger, Willinger & Bucci, PC
>855 Main Street
>Bridgeport, CT 06604

>Jane D. Comerford
>Assistant Attorney General

62