## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUSTIN D. RADOLF, | : | CIVIL NO. 3: 03CV242 (MRK) |
|     Plaintiff, | : | LEAD/MASTER DOCKET NO. |
| | : | |
| V. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT; | : | CASE NO. 3:03CV242 (MRK) |
| UNIVERSITY OF CONNECTICUT | : | MEMBER CASE |
| HEALTH CENTER; | : | |
| PETER J. DECKERS, EXECUTIVE | : | |
| VICE PRESIDENT FOR HEALTH | : | |
| AFFAIRS AND DEAN OF THE SCHOOL | : | |
| MEDICINE, INDIVIDUALLY AND | : | |
| IN HIS OFFICIAL CAPACITY; | : | |
| RICHARD BERLIN, ASSOCIATE DEAN, | : | |
| INDIVIDUALLY AND IN HIS | : | |
| OFFICIAL CAPACITY; AND STEPHEN | : | |
| WIKEL, INDIVIDUALLY AND IN HIS | : | |
| OFFICIAL CAPACITY, | : | |
|     Defendants. | : | NOVEMBER 1, 2004 |

## **EXHIBIT 17**

**Wikel,Stephen**

| | |
|---|---|
| From: | Berlin,Richard D. |
| ent: | Tuesday, July 02, 2002 3:37 PM |
| To: | Gillon,David C.; Wikel,Stephen |
| Subject: | RE: Ken's Borrelia work |

Dave, you are the account wizard, so I can only register an opinion. To reemphasize: a 25 or 50% commitment was indicated in the grant application, and presumably used to justify that part of the funding (whether it was folded into a block grant or not). To measure Ken's commitment solely on the basis of hours that could be accounted for in actually performing an experiment is unreasonable. There is frequently "wasted time" for everyone. Further, the scheduling of the experiments might have prevented Ken from performing other tasks. Finally, would one want to accept Justin's word that this accounting includes all activities? To avoid a detailed examination of these issues may not be worth the trouble. But...the indicated time should be taken as the measure of effort unless it was declared otherwise in the grant, at least in my opinion. Wizard wave your wand!
*[Berlin,Richard]*

| | |
|---|---|
| From: | Gillon,David C. |
| Sent: | Tuesday, July 02, 2002 3:18 PM |
| To: | Wikel,Stephen; Berlin,Richard D. |
| Subject: | RE: Ken's Borrelia work |

I am not sure that I agree with the assessment . Just because the funds are available on the Grant account does not mean that we can use the dollars to support Ken's salary .
We have to document the time that is devoted to the project .
As I see it, Justin has indicated 10% effort and Steve has confirmed that for at least a portion of the time period .
From the information I see and my conversation with Justin I doubt that either he or Ken would sign off on T&E that reflects more than 10 % effort .
Please let me know if I am missing something with my interpretation .

Dave

-----Original Message-----
| | |
|---|---|
| From: | Wikel,Stephen |
| Sent: | Tuesday, July 02, 2002 2:14 PM |
| To: | Berlin,Richard D.; Gillon,David C. |
| Subject: | RE: Ken's Borrelia work |

I agree with your assessment.

-----Original Message-----
| | |
|---|---|
| From: | Berlin,Richard D. |
| Sent: | Tuesday, July 02, 2002 1:45 PM |
| To: | Wikel,Stephen; Gillon,David C. |
| Subject: | RE: Ken's Borrelia work |

Then, I think those are the percentages we should use. If Justin didn't actually gain those services, that's his failure. After all, we know that even 100% employees are usefully engaged 100% of the time! Would that we could carve out and only pay for actual time productively spent! There would be no budget problem.

-----Original Message-----
| | |
|---|---|
| From: | Wikel,Stephen |
| Sent: | Tuesday, July 02, 2002 11:31 AM |
| To: | Berlin,Richard D.; Gillon,David C. |
| Subject: | RE: Ken's Borrelia work |

Dear Dick:

On the current borrelia grant, his requested percent effort is 25%. On the old borrelia grant and the old T. pallidum grant, Mr. Bourell was 50% effort on each grant.

Stephen

1

-----Original Message-----
**From:** Berlin,Richard D.
**Sent:** Tuesday, July 02, 2002 11:12 AM
**To:** Gillon,David C.; Wikel,Stephen
**Subject:** RE: Ken's Borrelia work

For what percentage effort was Ken listed on Justin's grant(s)? That would seem most relevant, as that was what NIH paid for.

-----Original Message-----
**From:** Gillon,David C.
**Sent:** Tuesday, July 02, 2002 10:06 AM
**To:** Berlin,Richard D.; Wikel,Stephen
**Subject:** FW: Ken's Borrelia work

Steve / Dick .
I spoke with Justin Radolf re Ken Bourell 's effort on his grants .
As you can see below Justin indicates that Ken is spending approximately 10 % of his time on his grants .
The balance of his time is spent on other Center related support .
Unless you have information to the contrary I will correct the Labor Distributions to reflect this 10 % effort retro to 12/01/01 .

Thank you .

Dave

-----Original Message-----
**From:** Radolf,Justin D.
**Sent:** Monday, July 01, 2002 4:35 PM
**To:** Gillon,David C.
**Subject:** Ken's Borrelia work

Dave,
The work that Ken does in my lab is performed with Christian Eggers, one of my postdocs. Christian met with Ken on Friday to review the experiments they have done together and total up the hours that Ken has spent on the Borrelia project. As I thought, until recently, Ken has not worked on the project; in fact, until May of this year, he hadn't done an experiment for me as far back as June of last year. He began working with Christian on May 6 and since then has helped him with 20 experiments totaling about 95 hours. By my calculations, this averages out to about 10% effort since the grant went into effect on December 1. Christian believes that the current level of effort that Ken is expending will not be maintained for long because the series of experiments is almost completed and Christian has picked up from Ken the skills he needs to function independently. Let me know how you want to proceed.

Regards,
Justin

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUSTIN D. RADOLF,<br>    Plaintiff, | :<br>:<br>: | CIVIL NO. 3: 03CV242 (MRK)<br>LEAD/MASTER DOCKET NO. |
| V. | :<br>: | |
| UNIVERSITY OF CONNECTICUT;<br>UNIVERSITY OF CONNECTICUT<br>HEALTH CENTER;<br>PETER J. DECKERS, EXECUTIVE<br>VICE PRESIDENT FOR HEALTH<br>AFFAIRS AND DEAN OF THE SCHOOL<br>MEDICINE, INDIVIDUALLY AND<br>IN HIS OFFICIAL CAPACITY;<br>RICHARD BERLIN, ASSOCIATE DEAN,<br>INDIVIDUALLY AND IN HIS<br>OFFICIAL CAPACITY; AND STEPHEN<br>WIKEL, INDIVIDUALLY AND IN HIS<br>OFFICIAL CAPACITY,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO. 3:03CV242 (MRK)<br>MEMBER CASE<br><br><br><br><br><br><br><br><br><br><br>NOVEMBER 1, 2004 |

## **EXHIBIT 18**

## Gillon,David C.

| | |
|---|---|
| **From:** | Berlin,Richard D. |
| **Sent:** | Monday, July 29, 2002 5:26 PM |
| **To:** | Gillon,David C. |
| **Subject:** | Bourell salary charge on Radolf grant. |

Dear Dave,

I understand from Kim Young and Stephen Wikel that Justin Radolf wants to reduce Ken Bourell's salary support on Radolf's grant from 25% to 10%. Since 25% was requested in Radolf's application, it should remain so. Justin has abundant extramural support, and since 100% of Bourell's salary was paid from general funds for the 99 and 00 years, he has long ago used up any commitment (such as it was) to continue Bourell's support by the SOM. (As I recall, we agreed to pay 50% of Bourell's salary during the transition year of Justin's arrival). Certainly, I do not approve of this reduction in Bourell's support on the Radolf grant. The beat does go on!

Regards,
Dick

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUSTIN D. RADOLF,<br>Plaintiff, | : | CIVIL NO. 3: 03CV242 (MRK)<br>LEAD/MASTER DOCKET NO. |
| | : | |
| V. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT; | : | CASE NO. 3:03CV242 (MRK) |
| UNIVERSITY OF CONNECTICUT | : | MEMBER CASE |
| HEALTH CENTER; | : | |
| PETER J. DECKERS, EXECUTIVE | : | |
| VICE PRESIDENT FOR HEALTH | : | |
| AFFAIRS AND DEAN OF THE SCHOOL | : | |
| MEDICINE, INDIVIDUALLY AND | : | |
| IN HIS OFFICIAL CAPACITY; | : | |
| RICHARD BERLIN, ASSOCIATE DEAN, | : | |
| INDIVIDUALLY AND IN HIS | : | |
| OFFICIAL CAPACITY; AND STEPHEN | : | |
| WIKEL, INDIVIDUALLY AND IN HIS | : | |
| OFFICIAL CAPACITY, | : | |
| Defendants. | : | NOVEMBER 1, 2004 |

## **EXHIBIT 19**

**Young,Kimberly A.**

| | |
|---|---|
| **From:** | Young,Kimberly A. |
| **Sent:** | Wednesday, February 27, 2002 4:06 PM |
| **To:** | Gillon,David C. |
| **Cc:** | Wikel,Stephen |
| **Subject:** | Kenneth Bourell |

Dear Dave,
Dr. Wikel has requested that I forward you the following information related to two of Dr. Radolf's NIH accounts and Center employee Kenneth Bourell (Research Associate II).

Mr. Bourell has been paid on state funds (either 2-10419 or 2-11241) since his hire date of 3/31/99. Paper Time and Effort Reports in 1999 reflect that 100% of his time and effort was attributed to the general category of "Instruction and Departmental Research".

After consultation with Mary Rydingsward last year, electronic Time and Effort reports for Mr. Bourell were not filed for years 2000 and 2001 because he was paid exclusively on a ledger 2 account.

Dr. Radolf has two NIH awards which listed Mr. Bourell for salary support. Each were transferred from the University of Texas and subsequently went through competitive renewal:

**#1**
**"Membrane Immunogens of Treponema pallidum" (NIH AI26756 / FRS 5-22460 / through 6/30/02)**
This award was transferred from his previous institution and is currently on a no cost extension through 6/30/02. This transferred award estimated 50% of Mr. Bourell's salary.

**"Membrane Immunogens of Treponema pallidum and Anti-Oxidant Defense" (Competitive Renewal) (NIH AI26756 / FRS - To be determined 7/1/02)** (532707)
While under the no-cost extension period for this same NIH award, Dr. Radolf submitted a competitive renewal and received a high priority score. This new award is scheduled for 7/1/02 and Mr. Bourell is not listed under personnel.

**#2**
**"Membrane Proteins of Borrelia burgdorferi" (NIH AI29735 / FRS 5-22454)**
This award was transferred from his previous institution and ended 1/31/02. In the grant transfer application, Mr. Bourell is listed on the budget for 50% effort.

**"Membrane Proteins of Borrelia burgdorferi" (NIH AI29735 / FRS 5-22686)**
This is the competitive renewal that began 12/10/01. Mr. Bourell is listed on the budget of this application for 25% effort.

If you require any other information, please let me know.

Thank you,
Kim


Kimberly Young
University of Connecticut Health Center
Center for Microbial Pathogenesis
263 Farmington Avenue
Farmington, CT 06030-3710
860-679-8129 - telephone
860-679-8130 - facsimile

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JUSTIN D. RADOLF, | : | CIVIL NO. 3: 03CV242 (MRK) |
| Plaintiff, | : | LEAD/MASTER DOCKET NO. |
| | : | |
| V. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT; | : | CASE NO. 3:03CV242 (MRK) |
| UNIVERSITY OF CONNECTICUT | : | MEMBER CASE |
| HEALTH CENTER; | : | |
| PETER J. DECKERS, EXECUTIVE | : | |
| VICE PRESIDENT FOR HEALTH | : | |
| AFFAIRS AND DEAN OF THE SCHOOL | : | |
| MEDICINE, INDIVIDUALLY AND | : | |
| IN HIS OFFICIAL CAPACITY; | : | |
| RICHARD BERLIN, ASSOCIATE DEAN, | : | |
| INDIVIDUALLY AND IN HIS | : | |
| OFFICIAL CAPACITY; AND STEPHEN | : | |
| WIKEL, INDIVIDUALLY AND IN HIS | : | |
| OFFICIAL CAPACITY, | : | |
| Defendants. | : | NOVEMBER 1, 2004 |

**EXHIBIT 20**

**Wikel,Stephen**

**To:**          Gillon,David C.
**Subject:**     RE: meeting summary

Dear Dave:

     Please have Francis schedule a meeting for you, Dick, and me to discuss the impact of this matter on the Center. I know that Dick is out of town until August 19th. I am presenting one of the plenary lectures at the International Conference on Lyme Disease in New York City, which is being held from August 19th-22nd. I am available anytime after that date.
     Best wishes,

       Stephen

-----Original Message-----
**From:**     Gillon,David C.
**Sent:**     Tuesday, August 06, 2002 12:56 PM
**To:**       Radolf,Justin D.
**Cc:**       Berlin,Richard D.; Wikel,Stephen; Young,Kimberly A.
**Subject:**  RE: meeting summary

Justin ,
I agree with this summary of our meeting last week .
I will meet with Dr Wikel to discuss Ken's other contributions to the Center and other grants to determine if other funding is available to fund the balance of Ken's salary not covered by your grants . Based on our budget situation and recommendations of our
consultants , PwC , we may have to reduce Ken's employment percentage .

Thank you .

Dave

-----Original Message-----
**From:**    Radolf,Justin D.
**Sent:**    Friday, August 02, 2002 2:56 PM
**To:**      Gillon,David C.
**Cc:**      Berlin,Richard D.
**Subject:** meeting summary

Dave,

Below are the three key points agreed to in our meeting yesterday:

1. Ken's time and effort reports will be revised to reflect, as accurately as possible, how his time was apportioned between my NIH-funded research and other activities since our relocation from Texas. FYI, after our meeting, I asked Ken to begin reviewing his notebooks and other records for this purpose and we are scheduled to meet on Monday. My goal is to have the revisions completed by the end of next week. Kim will prepare the revised forms.

2. Ken's salary contribution from my current Borrelia grant (account #5-22686) will remain at 25% for the remainder of the grant year. I will re-evaluate his percent effort and corresponding salary contribution for the next grant year as we approach the end of the current grant year.

3. Ken's percent effort on my prior *T. pallidum* grant (account #5-22460) will be revised to reflect his actual effort on the project since July 31 of last year. FYI, Ken agrees with me that he has done very little work on this project for a considerable period of time. I'll have more precise information next week.

1

Please give me a page (708-6145) if you have any questions, comments, or corrections.

Best Regards,
Justin

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUSTIN D. RADOLF, | : | CIVIL NO. 3: 03CV242 (MRK) |
| Plaintiff, | : | LEAD/MASTER DOCKET NO. |
| | : | |
| V. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT; | : | CASE NO. 3:03CV242 (MRK) |
| UNIVERSITY OF CONNECTICUT | : | MEMBER CASE |
| HEALTH CENTER; | : | |
| PETER J. DECKERS, EXECUTIVE | : | |
| VICE PRESIDENT FOR HEALTH | : | |
| AFFAIRS AND DEAN OF THE SCHOOL | : | |
| MEDICINE, INDIVIDUALLY AND | : | |
| IN HIS OFFICIAL CAPACITY; | : | |
| RICHARD BERLIN, ASSOCIATE DEAN, | : | |
| INDIVIDUALLY AND IN HIS | : | |
| OFFICIAL CAPACITY; AND STEPHEN | : | |
| WIKEL, INDIVIDUALLY AND IN HIS | : | |
| OFFICIAL CAPACITY, | : | |
| Defendants. | : | NOVEMBER 1, 2004 |

## EXHIBIT 21

# Gillon,David C.

**From:** Deckers,Peter J.
**Sent:** Friday, August 09, 2002 10:31 PM
**To:** Wetstone,Scott L.
**Cc:** Gillon,David C.; Berlin,Richard D.
**Subject:** RE: clarification

why can't the grant's excess personnel money merely be hit now for Bourell's salary $ collecting that portion of his salary that is aligned with his stated % effort on the grant back to the date when our commitment to him on GF should have ceased.— is the latter date well established.... if not and Bourell is on GF now , and there is no record as to when the GF commitment should have stopped, let's stop it now. Align T&E directly with the dollars taken from the grant — %effort should equate directly to % of salary retrieved; and if there is no other grant he is working on to collect the residual salary, and he is not 100% on the referenced grant, then his salary gets reduced since I don't believe Bourell does anything in CEAM.... Also enlighten me, if the latter is the case ( no end date to our commitment), why is this different from what has been going on here for years .. and that we are now pushed by PwC trying to correct. Folks fully funded on GF using SSOG $ to fund their lab, techs, OE, equipment, travel, books ,cme etc???(sounds like a slush fund, doesn't it?)

Before we start throwing grenades, let's be very sure of the data.... Dave??? Scott??? Get with Steve Wikel and write up a formal complaint for me... I am sure you both understand that while I am not interested in taking prisoners I equally detest killing the innocent or the naive...

If the written complaint warrants further action, we will put it into the compliance program that we just wrote and distributed

-----Original Message-----
**From:** Wetstone,Scott L.
**Sent:** Friday, August 09, 2002 1:10 PM
**To:** Deckers,Peter J.
**Cc:** Gillon,David C.
**Subject:** FW: clarification

Peter,

Earlier this week I told you that Steve Wikel had alerted me to several potential compliance issues regarding Dr. Radolf related to the employment of Ken Bourell. Given that Steve's initial descriptions were vague and on your advice, I then discussed this matter with Dave Gillon. Dave and I agreed I should send Steve the email below in order to clarify the situation.

Steve just called me to confirm my understanding of the situation, especially noting items 3 and 4. Further, Steve says he has copies of Justin's non-competitive renewal (under lock and key) and these reports continue to list Ken as a major contributor to the grants.

I'm not an expert in research compliance, but this appears to me to be very similar to what happened in the Katz/Besidine affair. To make matters worse, Justin has referred to his excess grant personnel money (the money that was to be allocated to Ken) as his 'slush' fund, when speaking to Steve.

I believe we need to conduct a formal investigation into this matter. As you know, Dick is currently away. Given the past involvement of Len in issues related to Justin, I'm not sure who should take charge of such an investigation, but would recommend we start with the Compliance Office and work with them to develop an appropriate plan. We could also wait for Dick's return as I don't believe this is an urgent matter.

Your thoughts?

Scott

-----Original Message-----
**From:** Wetstone,Scott L.
**Sent:** Friday, August 09, 2002 12:13 PM
**To:** Wikel,Stephen
**Cc:** Gillon,David C.
**Subject:** clarification

Steve,

I've been thinking about the situation you described to me the other day, and attempted to follow up on these issues

1

speaking with Dave Gillon. This email is an attempt to be sure we are on the same page:

1) It appears that there may have been a misunderstanding concerning the commitment made by the SOM to fund Ken Bourell's position. That is a matter under discussion by Dr. Radolf, Dr. Berlin and Mr. Gillon. Ken has been on the general fund since he came here and may need to be moved to grant support in the future or to have a portion of his time laid off if grant funding is not available.

2) It appears as if Ken has not been completing Time and Effort Reports or that these have been filled out incorrectly. T & E reporting is an essential requirement needed for our F & A negotiations with the Federal government and it is essential that accurate information be provided in the future and appropriate corrections made to the past records. Dave is working with Justin and Ken on this.

3) I believe you told me that Justin's progress reports indicate that Ken was working on his grants, but that the effort reported on the progress report did not match those on the T & E reports or in fact what his actual work effort was. If I understood you correctly, these progress reports constitutes a fraudulent report. Based on our past experience, such incorrect reporting can be a very serious matter. Please let me know if I understood your concern correctly. If I did, this matter will require investigation, either by you as the Center director or by other auditors.

4) I believe you told me that Justin's grant applications included Ken in the budget but that once funded he was not used at such levels. Dave has told me that changes in the personnel portion of a grant budget are the prerogative of the PI and that such a change from planning (the proposal) to operations (the actual work) are allowable by the grant sponsor. Therefore, this mismatch of allocated FTE doesn't represent a problem.

I hope you have a great weekend,

Scott

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUSTIN D. RADOLF, | : | CIVIL NO. 3: 03CV242 (MRK) |
| Plaintiff, | : | LEAD/MASTER DOCKET NO. |
| | : | |
| V. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT; | : | CASE NO. 3:03CV242 (MRK) |
| UNIVERSITY OF CONNECTICUT | : | MEMBER CASE |
| HEALTH CENTER; | : | |
| PETER J. DECKERS, EXECUTIVE | : | |
| VICE PRESIDENT FOR HEALTH | : | |
| AFFAIRS AND DEAN OF THE SCHOOL | : | |
| MEDICINE, INDIVIDUALLY AND | : | |
| IN HIS OFFICIAL CAPACITY; | : | |
| RICHARD BERLIN, ASSOCIATE DEAN, | : | |
| INDIVIDUALLY AND IN HIS | : | |
| OFFICIAL CAPACITY; AND STEPHEN | : | |
| WIKEL, INDIVIDUALLY AND IN HIS | : | |
| OFFICIAL CAPACITY, | : | |
| Defendants. | : | NOVEMBER 1, 2004 |

## **EXHIBIT 22**

**Wikel,Stephen**

To:                              Wetstone,Scott L.
Subject:                         RE: clarification

Dear Scott:

     I shall be attending the Lyme disease conference in New York City on Monday, Tuesday and Wednesday of next week. I am presenting a plenary lecture there on Monday morning. If needed, I can return earlier. Next week, I am available Thursday afternoon, August 22nd, and all day Friday, August 23rd. I can have the necessary information organized this week.
     Best wishes,

       Stephen

-----Original Message-----
**From:**      Wetstone,Scott L.
**Sent:**      Monday, August 12, 2002 9:04 AM
**To:**        Berlin,Richard D.; Gillon,David C.; Wikel,Stephen
**Cc:**        Deckers,Peter J.
**Subject:**   FW: clarification

Peter has asked me to arrange a meeting next week ((those in the TO list and Peter) in order to discuss the matter below.   The objective of this meeting is to clarify the issues and to be sure we have a mutual understanding of the situation.   It is also to perform a preliminary assessment of the data that suggest problems we must investigate.  To that latter point, I am asking Steve and Dave to bring copies of the data at hand.  Please let me know how much time you will need to prepare what you have.  (Note - we are not looking for all the possible data, recognizing that might take more significant time and further investigation, but enough to clarify we have sufficient reason to start a more formal process.

Please let me know if you have any question.

Thanks.

Scott

-----Original Message-----
**From:**      Wetstone,Scott L.
**Sent:**      Friday, August 09, 2002 1:10 PM
**To:**        Deckers,Peter J.
**Cc:**        Gillon,David C.
**Subject:**   FW: clarification

Peter,

Earlier this week I told you that Steve Wikel had alerted me to several potential compliance issues regarding Dr. Radolf related to the employment of Ken Bourell.  Given that Steve's initial descriptions were vague and on your advice, I then discussed this matter with Dave Gillon. Dave and I agreed I should send Steve the email below in order to clarify the situation.

Steve just called me to confirm my understanding of the situation, especially noting items 3 and 4.  Further, Steve says he has copies of Justin's non-competitive renewal (under lock and key) and these reports continue to list Ken as a major contributor to the grants.

I'm not an expert in research compliance, but this appears to me to be very similar to what happened in the Katz/Besidine affair.   To make matters worse, Justin has referred to his excess grant personnel money (the money that was to be allocated to Ken) as his 'slush' fund, when speaking to Steve.

I believe we need to conduct a formal investigation into this matter. As you know, Dick is currently away. Given the past involvement of Len in issues related to Justin, I'm not sure who should take charge of such an investigation, but would recommend we start with the Compliance Office and work with them to develop an appropriate plan.  We could also wait for Dick's return as I don't believe this is an urgent matter.

1

ur thoughts?

Scott

-----Original Message-----
**From:**      Wetstone,Scott L.
**Sent:**      Friday, August 09, 2002 12:13 PM
**To:**        Wikel,Stephen
**Cc:**        Gillon,David C.
**Subject:**   clarification

Steve,

I've been thinking about the situation you described to me the other day, and attempted to follow up on these issues by speaking with Dave Gillon. This email is an attempt to be sure we are on the same page:

1) It appears that there may have been a misunderstanding concerning the commitment made by the SOM to fund Ken Bourell's position. That is a matter under discussion by Dr. Radolf, Dr. Berlin and Mr. Gillon. Ken has been on the general fund since he came here and may need to be moved to grant support in the future or to have a portion of his time laid off if grant funding is not available.

2) It appears as if Ken has not been completing Time and Effort Reports or that these have been filled out incorrectly. T & E reporting is an essential requirement needed for our F & A negotiations with the Federal government and it is essential that accurate information be provided in the future and appropriate corrections made to the past records. Dave is working with Justin and Ken on this.

3) I believe you told me that Justin's progress reports indicate that Ken was working on his grants, but that the effort reported on the progress report did not match those on the T & E reports or in fact what his actual work effort was. If I understood you correctly, these progress reports constitutes a fraudulent report. Based on our past experience, such incorrect reporting can be a very serious matter. Please let me know if I understood your concern correctly. If I did, this matter will require investigation, either by you as the Center director or by other auditors.

4) I believe you told me that Justin's grant applications included Ken in the budget but that once funded he was not used at such levels. Dave has told me that changes in the personnel portion of a grant budget are the prerogative of the PI and that such a change from planning (the proposal) to operations (the actual work) are allowable by the grant sponsor. Therefore, this mismatch of allocated FTE doesn't represent a problem.

I hope you have a great weekend,

Scott

2

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JUSTIN D. RADOLF,      : CIVIL NO. 3: 03CV242 (MRK)
 Plaintiff,         : LEAD/MASTER DOCKET NO.
             :
V.            :
             :
UNIVERSITY OF CONNECTICUT;   : CASE NO. 3:03CV242 (MRK)
UNIVERSITY OF CONNECTICUT    : MEMBER CASE
HEALTH CENTER;       :
PETER J. DECKERS, EXECUTIVE    :
VICE PRESIDENT FOR HEALTH    :
AFFAIRS AND DEAN OF THE SCHOOL  :
MEDICINE, INDIVIDUALLY AND    :
IN HIS OFFICIAL CAPACITY;     :
RICHARD BERLIN, ASSOCIATE DEAN,  :
INDIVIDUALLY AND IN HIS     :
OFFICIAL CAPACITY; AND STEPHEN  :
WIKEL, INDIVIDUALLY AND IN HIS   :
OFFICIAL CAPACITY,       :
 Defendants.        : NOVEMBER 1, 2004

## **EXHIBIT 23**

**Gillon,David C.**

| | |
|---|---|
| **From:** | Deckers,Peter J. |
| **Sent:** | Monday, August 12, 2002 9:11 AM |
| **To:** | Wetstone,Scott L.; Berlin,Richard D.; Gillon,David C.; Wikel,Stephen |
| **Subject:** | RE: clarification |

thanks

----Original Message----
| | |
|---|---|
| **From:** | Wetstone,Scott L. |
| **Sent:** | Monday, August 12, 2002 9:04 AM |
| **To:** | Berlin,Richard D.; Gillon,David C.; Wikel,Stephen |
| **Cc:** | Deckers,Peter J. |
| **Subject:** | FW: clarification |

Peter has asked me to arrange a meeting next week ((those in the TO list and Peter) in order to discuss the matter below. The objective of this meeting is to clarify the issues and to be sure we have a mutual understanding of the situation. It is also to perform a preliminary assessment of the data that suggest problems we must investigate. To that latter point, I am asking Steve and Dave to bring copies of the data at hand. Please let me know how much time you will need to prepare what you have. (Note - we are not looking for all the possible data, recognizing that might take more significant time and further investigation, but enough to clarify we have sufficient reason to start a more formal process.

Please let me know if you have any question.

Thanks.

Scott

----Original Message----
| | |
|---|---|
| **From:** | Wetstone,Scott L. |
| **Sent:** | Friday, August 09, 2002 1:10 PM |
| **To:** | Deckers,Peter J. |
| **Cc:** | Gillon,David C. |
| **Subject:** | FW: clarification |

Peter,

Earlier this week I told you that Steve Wikel had alerted me to several potential compliance issues regarding Dr. Radolf related to the employment of Ken Bourell. Given that Steve's initial descriptions were vague and on your advice, I then discussed this matter with Dave Gillon. Dave and I agreed I should send Steve the email below in order to clarify the situation.

Steve just called me to confirm my understanding of the situation, especially noting items 3 and 4. Further, Steve says he has copies of Justin's non-competitive renewal (under lock and key) and these reports continue to list Ken as a major contributor to the grants.

I'm not an expert in research compliance, but this appears to me to be very similar to what happened in the Katz/Beskidne affair. To make matters worse, Justin has referred to his excess grant personnel money (the money that was to be allocated to Ken) as his 'slush' fund, when speaking to Steve.

I believe we need to conduct a formal investigation into this matter. As you know, Dick is currently away. Given the past involvement of Len in issues related to Justin, I'm not sure who should take charge of such an investigation, but would recommend we start with the Compliance Office and work with them to develop an appropriate plan. We could also wait for Dick's return as I don't believe this is an urgent matter.

Your thoughts?

Scott

----Original Message----
| | |
|---|---|
| **From:** | Wetstone,Scott L. |
| **Sent:** | Friday, August 09, 2002 12:13 PM |
| **To:** | Wikel,Stephen |
| **Cc:** | Gillon,David C. |

Subject:        clarification

Steve,

I've been thinking about the situation you described to me the other day, and attempted to follow up on these issues by speaking with Dave Gillon. This email is an attempt to be sure we are on the same page:

1) It appears that there may have been a misunderstanding concerning the commitment made by the SOM to fund Ken Bourell's position. That is a matter under discussion by Dr. Radolf, Dr. Berlin and Mr. Gillon. Ken has been on the general fund since he came here and may need to be moved to grant support in the future or to have a portion of his time laid off if grant funding is not available.

2) It appears as if Ken has not been completing Time and Effort Reports or that these have been filled out incorrectly. T & E reporting is an essential requirement needed for our F & A negotiations with the Federal government and it is essential that accurate information be provided in the future and appropriate corrections made to the past records. Dave is working with Justin and Ken on this.

3) I believe you told me that Justin's progress reports indicate that Ken was working on his grants, but that the effort reported on the progress report did not match those on the T & E reports or in fact what his actual work effort was. If I understood you correctly, these progress reports constitutes a fraudulent report. Based on our past experience, such incorrect reporting can be a very serious matter. Please let me know if I understood your concern correctly. If I did, this matter will require investigation, either by you as the Center director or by other auditors.

4) I believe you told me that Justin's grant applications included Ken in the budget but that once funded he was not used at such levels. Dave has told me that changes in the personnel portion of a grant budget are the prerogative of the PI and that such a change from planning (the proposal) to operations (the actual work) are allowable by the grant sponsor. Therefore, this mismatch of allocated FTE doesn't represent a problem.

I hope you have a great weekend,

Scott

2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JUSTIN D. RADOLF, | : | CIVIL NO. 3: 03CV242 (MRK) |
|     Plaintiff, | : | LEAD/MASTER DOCKET NO. |
| | : | |
| V. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT; | : | CASE NO. 3:03CV242 (MRK) |
| UNIVERSITY OF CONNECTICUT | : | MEMBER CASE |
| HEALTH CENTER; | : | |
| PETER J. DECKERS, EXECUTIVE | : | |
| VICE PRESIDENT FOR HEALTH | : | |
| AFFAIRS AND DEAN OF THE SCHOOL | : | |
| MEDICINE, INDIVIDUALLY AND | : | |
| IN HIS OFFICIAL CAPACITY; | : | |
| RICHARD BERLIN, ASSOCIATE DEAN, | : | |
| INDIVIDUALLY AND IN HIS | : | |
| OFFICIAL CAPACITY; AND STEPHEN | : | |
| WIKEL, INDIVIDUALLY AND IN HIS | : | |
| OFFICIAL CAPACITY, | : | |
|     Defendants. | : | NOVEMBER 1, 2004 |

**EXHIBIT 24**

**Mauriello,Iris**

**From:**          Deckers,Peter J.
**Sent:**          Monday, September 09, 2002 1:41 PM
**To:**            Gillon,David C.; Wetstone,Scott L.; Mauriello,Iris; Kozol,Robert
**Subject:**       RE:

**Sensitivity:**   Confidential

```
ok   let me know what happens with this

-----Original Message-----
From: Gillon,David C.
Sent: Monday, September 09, 2002 12:01 PM
To: Deckers,Peter J.; Wetstone,Scott L.; Mauriello,Iris; Kozol,Robert
Subject: RE:
Sensitivity: Confidential


 I will be meeting with Justin and Kim Young this week to finalize the T&E forms for Ken
Bourell
and to review the salary charges that have made to the grants .
-----Original Message-----
From: Deckers,Peter J.
Sent: Sunday, September 08, 2002 8:11 PM
To: Wetstone,Scott L.; Mauriello,Iris; Gillon,David C.; Kozol,Robert
Subject: RE:
Sensitivity: Confidential


ok   leave it in    but see me to discuss

-----Original Message-----
From: Wetstone,Scott L.
Sent: Sunday, September 08, 2002 8:06 PM
To: Deckers,Peter J.; Mauriello,Iris; Gillon,David C.; Kozol,Robert
Subject: RE:
Sensitivity: Confidential


This is accurate and should read well if and when read by outsiders.  I only have a
problem with item 4.  The original version used the word 'preliminary' when describing
information Dr. Radolf has provided regard Mr. Bourell's time.  These were not the signed
T & E forms, but represented  communications (both oral and written) to Dave Gillon.  I
may be quibbling over nothing in that Dr. Radolf should not be lying to Dave, but he may
argue that he simply didn't have sufficient time to determine the actual work leves which
he would before finally signing off on them.

Scott

-----Original Message-----
From: Deckers,Peter J.
To: Mauriello,Iris; Wetstone,Scott L.; Gillon,David C.; Kozol,Robert
Sent: 9/7/02 5:29 PM
Subject: FW:
Importance: High
Sensitivity: Confidential

I have made some changes and asked for additional data... This written
report will become property of ORI....   see changes in red

> -----Original Message-----
>From:       Mauriello,Iris
```

1

```
>Sent:          Saturday, September 07, 2002 2:06 PM
>To: `Deckers,Peter J.
>Cc:  Kozol;Robert
>Subject:
>Importance:     High
>Sensitivity:    Confidential
>
> <<Research recommendation23_02.doc>>
```