UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUSTIN D. RADOLF | CASE NO: 3:03CV242(MRK) |
| Plaintiff | LEAD/MAJOR DOCKET NO. |
| | |
| | CASE NO. 3:03CV672(MRK) |
| | MEMBER CASE |
| v. | |
| | |
| UNIVERSITY OF CONNECTICUT; ET AL | DECEMBER 17, 2004 |
| Defendants | |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STRIKE**

**I.      INTRODUCTION**

Defendant hereby submits this Memorandum of Law in Support of his Motion to Strike portions of Dr. Radolf's Affidavit dated November 11, 2004. Significant portions of said Affidavit must be stricken because they fail to satisfy the requirements of Fed. R. Civ. Proc. 56(e), which requires that an affidavit opposing summary judgment include facts that are admissible and within the personal knowledge of the affiant. Instead, the offending portions of this Affidavit consist of conclusions and legal arguments, opinions and beliefs.

Moreover, certain portions of Plaintiff's Local Rule 56(a)2 Statement must also be stricken for failure to comply with Local Rule 56(a)(3) which requires that each denial be

followed by a specific citation to the affidavit of a witness competent to testify as to the facts at trial and/or evidence that would be admissible at trial. Plaintiff's Local Rule 56(a)(2) contains portions which consist of legal argument and conclusions, opinions and beliefs.

Specifically, Defendant moves to strike the following:

1. Affidavit of Justin D. Radolf, Paragraphs 8, 17, 24-33.
2. Local Rule 56(a)(2) Statement, Paragraphs set forth in Exhibit B.

For the Court's convenience, attached as Exhibit A is a listing of the offending portions of the Affidavit that defendants request be stricken and grounds. Attached as Exhibit B is a listing of the offending portion of the Local Rule 56(a)(2) Statement that should be stricken.

## II. ARGUMENT

### A. AFFIDAVIT

#### 1. Legal Standard

"When a motion for summary judgment is made and supported as provided in [Fed. R. Civ. P. 56], an adverse party may not rest upon the overt allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth <u>specific facts</u> showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)(emphasis added). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. <u>Id</u>.

Likewise, each statement of fact and each denial in a Local Rule 56(a)(2) Statement must be followed by the affidavit of a witness competent to testify as to the facts at trial and/or evidence that would be admissible at trial. Local Rule 56(a)(3).

### 2. Statement Not Made On "Personal Knowledge Must Be Stricken

The law has long required that each statement of fact in an affidavit opposing summary judgment be based on the personal knowledge of the affiant.  See Hollander v. American Cyanamid, 172 F.3d 192 (2nd Cir) (holding that portions of plaintiff's affidavit were not based on personal knowledge, contained inadmissible heresay or made conclusory statements), cert. denied, 528 U. S. 965 (1999); Goldberg v. Whitman, 743 F. Supp. 943, 958 (D. Conn. 1990) (granting defendant's motion to strike where affidavits contain heresay, are not based on personal knowledge, cite irrelevant documents, and contain unadmissible evidence), aff'd, 973 F.2d 70 (2d Cir. 1992), Schwapp v. Town of Avon, 118 F.3d 106 (2d Cir. 1997) (striking conclusory statements); Amatulli v. People's Bank, 917 F. Supp. 895 (D. Conn. 1990) (striking legal argument or conclusions); Windover v. Sprague Techs., 834 F. Supp. 560 (D. Conn. 1993) (striking conclusory statements).

Statements in the Affidavit of Justin Radolf that are summary conclusions, legal arguments, and statements of opinion or belief are not based upon the affiant's personal knowledge.  Such statements must be stricken because they are not statements of fact.  See United States v. Alessi, 599 F.2d 513, 514 (2d Cir. 1979); Amatulli v. People's Bank, 917 F. Supp. 895, 904 (D. Conn. 1996) (striking statements that were not made on personal knowledge or that consisted of legal arguments or conclusions);  Union Ins. Doc. v. William Gluckin & Co., 353 F.2d 946, 952 (2d Cir. 1965) ("[c]onclusory statements and statements not made on personal knowledge do not comply with the requirements of Fed. R. Civ. P. 56(e) and therefore, may not be considered"); Windover v. Sprague, 834 F. Supp. 560, 568 (D. Conn. 1993) (striking portions

of affidavits that were not based on personal knowledge, conclusory, and contained inadmissible heresay).

Legal arguments must be disregarded because they do not create a factual dispute. <u>Flair Broadcasting Corp. v. Powells</u>, 733 F. Supp. 179, 184 (S.D.N.Y. 1990); <u>New York State Energy Research & Dev. Auth. v. Nuclear Fuel Servs. Inc.</u>, 561 F. Supp. 954, 960 (W.D.N.Y. 1983) (affidavits were defective because they contained legal argument and interpretation). Indeed, certain paragraphs of the Affidavits read more like a legal brief than statements of fact.

For example, Dr. Radolf in ¶ 27 states: "The actions of Dr. Deckers stripped me of the rights and privileges to which I was entitled as a Professor pursuant to the established policies, practices, and procedures of the University of Connecticut and the University of Connecticut Health Center. In the paragraphs noted, Dr. Radolf makes impermissible statements about his own opinions and beliefs or makes conclusory statements that are not facts. These statements, as more fully set forth in Exhibit A, are legal arguments, conclusions, opinions or beliefs, rather than factual statements, and should be stricken.

### B.   LOCAL RULE 56(a)2 STATEMENT

Each statement of material fact by an opponent in a Local Rule 56(a)2 Statement must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and /or (2) evidence that would be admissible at trial.

Plaintiff's responses to the Material Facts asserted by Defendant is replete with legal argument and conclusory statements and/or statements of opinion or belief. A review indicates that often the substance of the actual factual statement by Defendant is admitted but plaintiff

inserts gratuitous legal argument.  Likewise plaintiff will admit a factual statement but then utilize that admission as a forum to interject further legal argument.  Often these arguments are not supported by evidence.  As an example, in ¶ 31, plaintiff states "Since the minutes of the meeting demonstrates that the plaintiff's conduct was discussed at this meeting, notice of the meeting should have been provided him pursuant to the Connecticut Freedom of Information Act."  Moreover, this is not a statement of fact but rather an opinion.  Numerous denials are supported by affidavits, portions of which Defendant has moved to strike as not factual statements, but rather legal argument, conclusions, opinions or beliefs.  Moreover, certain denials are supported by material that contradicts the affiant's previous deposition testimony.  See Rashen v. The Wyatt Co., 125 F.3d 55, 63 (2d Cir. 1997).  A party may not create an issue of fact by submitting an affidavit or evidence just by omission or addition, contradicts the affiant's previous deposition testimony,

Defendant respectfully submits that these portions of the Local Rule 56(a)2 Statement submitted by plaintiff must also be stricken.

Likewise, plaintiff submits in his Local Rule 56(a)2 Statement a section regarding "Issues of Material Fact As to Which it is Contended There is a Genuine Issue To Be Tried."  Again, these paragraphs are replete with legal argument and conclusory statements rather than statements of fact.  Further, as before, these paragraphs are also supported by reference to paragraphs of affidavits which Defendant submits should be stricken as legal argument conclusions, opinions or beliefs rather than factual statements.  See Section A. supra.

For the convenience of the Court, defendant has set forth in Exhibit B, those portions of the plaintiff's Local Rule 56(a)2 Statement which are

5

objectionable as argumentative or based on conclusions, opinions or beliefs rather than facts as well as indications to the portions of supporting evidence which defendant has moved to strike for the very same reasons.

## CONCLUSION

For all of the reasons discussed above, defendants respectfully submit that this Court should grant defendants' Motion To Strike.

RESPECTFULLY SUBMITTED,

DEFENDANT
UNIVERSITY OF CONNECTICUT, ET AL

RICHARD BLUMENTHAL
ATTORNEY GENERAL

/s/ Jane D. Comerford_____
JANE D. COMERFORD (Ct 06328)
ASSISTANT ATTORNEY GENERAL
UNIVERSITY OF CONNECTICUT
  HEALTH CENTER
263 Farmington Avenue
Farmington, CT 06030-3803
Tel. (860) 679-1114
Fax (860) 679-1997
E-Mail-Comerford@ADP.UCHC.EDU

**CERTIFICATION**

This is to certify that on this 17th day of December 2004, the foregoing was mailed to counsel of record as follows:

>Thomas W. Bucci, Esq.
>Willinger, Willinger & Bucci, PC
>855 Main Street
>Bridgeport, CT 06604

>/s/ Jane D. Comerford_____
>Jane D. Comerford
>Assistant Attorney General