FILED

2004 DEC 2 UNITED STATES DISTRICT COURT
FOR THE
U.S. DI... DISTRICT OF CONNECTICUT

JUSTIN D. RADOLF                         CASE NO: 3:03CV242(MRK)
        Plaintiff                       LEAD/MAJOR DOCKET NO.

                                         CASE NO. 3:03CV242(MRK)
                                         MEMBER CASE

v.

UNIVERSITY OF CONNECTIICUT, ET AL        DECEMBER 1, 2004
        Defendants


## DEFENDANTS' MOTION TO STRIKE


Defendants in the above-captioned matter hereby submit this Motion to Strike,
portions of Affidavits submitted in conjunction with Plaintiff's Memorandum in Opposition
to Defendants' Motion for Summary Judgment and Local Rule 56(a)(2) Statement, and
specifically Affidavit of Darrin Akins, Affidavit of Melissa Caimano, and Affidavit of Justin
D. Radolf. Several of the paragraphs in these Affidavits must be stricken in their
entirety and portions of many additional paragraphs must also be stricken for failure to
satisfy the requirements of Federal Rule of Civil Procedure 56(c).

Fed. R. Civ. Proc. 56(e) essentially has two requirements for an affidavit to
survive a Motion to Strike. First, statements of fact in affidavits must be made on
personal knowledge; otherwise, the affiant's freedom to make bold, unsupported
assertions in his affidavit is limited only by his imagination and penalty of perjury.
Second, statements in an affidavit opposing summary judgment must be admissible in

evidence. Accordingly, the portions of these affidavits that contain legal arguments or conclusions or hearsay must be stricken. Further, certain statements in plaintiff Justin Radolf's Affidavit contradict his prior deposition testimony and those should be stricken on that ground.

Moreover, portions of Plaintiff's Local Rule 56(a)(2) Statement must also be stricken for failure to comply with Local Rule 56(a)(3) which requires that each statement of fact or denial in an opponent's Local Rule 56(a)(2) Statement must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.

These stricken portions should not be considered by this Court when ruling on Defendants' Motion for Summary Judgment. For these reasons, which are explained more fully in the attached memorandum of law, Defendants' Motion to Strike should be granted.

RESPECTFULLY SUBMITTED,

DEFENDANTS
UNIVERSITY OF CONNECTICUT, ET AL

RICHARD  BLUMENTHAL
ATTORNEY GENERAL

JANE D. COMERFORD (Ct 06328)
ASSISTANT ATTORNEY GENERAL
UNIVERSITY OF CONNECTICUT
   HEALTH CENTER
263 Farmington Avenue
Farmington, CT 06030-3803
Tel. (860) 679-1114
Fax (860) 679-1997
E-Mail-Comerford@ADP.UCHC.EDU

**CERTIFICATION**

This is to certify that on this 17th day of December 2004, the foregoing was mailed to counsel of record as follows:

Thomas W. Bucci, Esq.
Willinger, Willinger & Bucci, PC
855 Main Street
Bridgeport, CT 06604

Jane D. Comerford
Assistant Attorney General