FILED

2004 DEC 21  P  2:35

U.S.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

JUSTIN D. RADOLF
        Plaintiff

CASE NO: 3:03CV242(MRK)
LEAD/MAJOR DOCKET NO.

CASE NO. 3:03CV242(MRK)
MEMBER CASE

v.

UNIVERSITY OF CONNECTICUT; ET AL
        Defendants

DECEMBER 7 2004

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO STRIKE

I.   **INTRODUCTION**

Defendants hereby submit this Memorandum of Law in Support of their Motion to Strike

portion of Affidavits dated November 1, 2004. Significant portions of said Affidavits must be

stricken because they fail to satisfy the requirements of Fed. R. Civ. Proc. 56(e), which requires

that an affidavit opposing summary judgment include facts that are admissible and within the

personal knowledge of the affiant. Instead, the offending portions of these Affidavits consist of

conclusions and legal arguments, opinions and beliefs, and inadmissible hearsay. In addition,

certain statements in Plaintiff's Affidavit contradict his prior deposition testimony.

Moreover, certain portions of Plaintiff's Local Rule 56(a)2 Statement must also be

stricken for failure to comply with Local Rule 56(a)(3) which requires that each denial be

followed by a specific citation to the affidavit of a witness competent to testify as to the facts at trial and/or evidence that would be admissible at trial. Plaintiff's Local Rule 56(a)(2) contains portions which consist of legal argument and conclusions, opinions and beliefs.

Specifically, Defendants move to strike the following:

1.    Affidavit of Darrin Akins, Paragraphs 4, 8, 11, 12, 16, 17, 23, 26-29, and 32-37.

2.    Affidavit of Melissa Caimano, Paragraphs 5, 7, 8, 13, 15, 16, 21, 23-28, 30, 31-34, 37, 38, 40-42, and 44-55.

3.    Affidavit of Justin D. Radolf, Paragraphs 12, 14, 17-19, 26, 37-41, 45, 46, 48-50, 52, 54-56, 59-61, 63-65, 69, 71, 74, 76, 79, 81-83, 85, 86, 89, 91-102, 104, 106, 108, 110, 111, 120, 121, 124-26, 128, 129, 131, 143, 144, 146, 152, 153, 155, and 156.

4.    Affidavit of Vive Ules Mueller-Ddblies, Paragraps 11-15.

5.    Local Rule 56(a)(2) Statement, Paragraphs set forth in Exhibit B.

For the Court's convenience, attached as Exhibit A is a listing of the offending portions of the Affidavits that defendants request be stricken and grounds. Attached as Exhibit B is a listing of the offending portion of the Local Rule 56(a)(2) Statement that should be stricken.

II.    **ARGUMENT**

A.    **AFFIDAVITS**

1.    **Legal Standard**

"When a motion for summary judgment is made and supported as provided in [Fed. R. Civ. P. 56], an adverse party may not rest upon the overt allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this

rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)(emphasis added). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Id.

Likewise, each statement of fact and each denial in a Local Rule 56(a)(2) Statement must be followed by the affidavit of a witness competent to testify as to the facts at trial and/or evidence that would be admissible at trial. Local Rule 56(a)(3).

### 2.   Statement Not Made On "Personal Knowledge Must Be Stricken

The law has long required that each statement of fact in an affidavit opposing summary judgment be based on the personal knowledge of the affiant. See Hollander v. American Cyanamid, 172 F.3d 192 (2nd Cir) (holding that portions of plaintiff's affidavit were not based on personal knowledge, contained inadmissible heresay or made conclusory statements), cert. denied, 528 U. S. 965 (1999); Goldberg v. Whitman, 743 F. Supp. 943, 958 (D. Conn. 1990) (granting defendant's motion to strike where affidavits contain heresay, are not based on personal knowledge, cite irrelevant documents, and contain unadmissible evidence), aff'd, 973 F.2d 70 (2d Cir. 1992), Schwapp v. Town of Avon, 118 F.3d 106 (2d Cir. 1997) (striking conclusory statements); Amatulli v. People's Bank, 917 F. Supp. 895 (D. Conn. 1990) (striking legal argument or conclusions); Windover v. Sprague Techs., 834 F. Supp. 560 (D. Conn. 1993) (striking conclusory statements).

Statements in the Affidavits of Akins, Caimano, Doblies and Radolf that are summary conclusions, legal arguments, and statements of opinion or belief are not based upon the affiant's

personal knowledge. Such statements must be stricken because they are not statements of fact.

See United States v. Alessi, 599 F.2d 513, 514 (2d Cir. 1979); Amatulli v. People's Bank, 917 F.

Supp. 895, 904 (D. Conn. 1996) (striking statements that were not made on personal knowledge

or that consisted of legal arguments or conclusions); Union Ins. Doc. v. William Gluckin & Co.,

353 F.2d 946, 952 (2d Cir. 1965) ("[c]onclusory statements and statements not made on personal

knowledge do not comply with the requirements of Fed. R. Civ. P. 56(e) and therefore, may not

be considered"); Windover v. Sprague, 834 F. Supp. 560, 568 (D. Conn. 1993) (striking portions

of affidavits that were not based on personal knowledge, conclusory, and contained inadmissible

heresay).

Legal arguments must be disregarded because they do not create a factual dispute. Flair

Broadcasting Corp. v. Powells, 733 F. Supp. 179, 184 (S.D.N.Y. 1990); New York State Energy

Research & Dev. Auth. v. Nuclear Fuel Servs. Inc., 561 F. Supp. 954, 960 (W.D.N.Y. 1983)

(affidavits were defective because they contained legal argument and interpretation). Indeed,

certain paragraphs of the Affidavits read more like a legal brief than statements of fact. For

example, Melissa Caimano states "the 'purification, reproductions, characterizations, and

cloning of hundreds of clones from the original collaboration' described in point 9 of the Thrall

affidavit was a misappropriation of intellectual property and reagents jointly owned by me, Dr.

Radolf and other members of the Radolf laboratory, consistent with the findings of the ad hoc

committee, chaired by Dr. John Shanley." (Caimano Affidavit ¶ 47). This assertion can hardly

be characterized as a recitation of statements of fact.

Numerous other paragraphs of Caimano's Affidavit contain equally obvious examples of

legal argument and conclusions:

Based on the Thrall affidavit and the DoD proposal, Dr. Wikel has not provided any evidence to support the claim that these 'new directions' have generated information that could not have been derived from the libraries, methodologies, and bioinformatics approaches that were fully developed at the time the project was transitioned from the Radolf to the Wikel laboratory......" (Caimano Affidavit, ¶49).

Regarding point 11 of the Thrall Affidavit, because the 'extended clonal analysis performed by Dr. Wikel involved the original jointly owned D. andersoni EST database and library, the resulting data are jointly owned by Drs. Radolf and Wikel and cannot be viewed as either independently derived or Dr. Wikel's sole intellectual property. No evidence is offered to substantiate the claim that this work represents any degree of advancement over the findings made in the original Radolf-Wikel collaboration. (Caimano Affidavit, ¶ 52).

Regarding point 12 of the Thrall Affidavit, there is no evidence to support his assertion that the collaboration between Drs. Wikel, Valenquiela, and Ribeiro is highly active or has led to any advancement of Dr. Wikel's research program beyond that of the original collaboration with Dr. Radolf....salivary glands. (Caimano Affidavit, ¶ 53).

See also Caimano Aff. ¶ 23 ("This publication represents the first paper from the Wikel laboratory that utilized recombinant DNA techniques, and it is thus, completely inaccurate to state that he had recognized molecular expertise at this point in his career."); ¶ 24 ("our names should have been included in this submission…and it is fully correct to state….that Dr. Radolf and I have co-ownership of the intellectual property rights…"); ¶ 25 ("A search…reveals that Dr. Wikel had no prior submissions in the Gen Bank database, further substantiating the contention......"); ¶ 28 (Dr. Wikel's assertion that he had an extensive molecular biology collaboration….is a clear misrepresentation of his documented experience"); ¶ 45 ("Contrary to the Thrall Affidavit, use of 'co-jointly owned preliminary data was implied' is a misrepresentation of the collaboration in which I played a key role….as co-owner of the D. andersoni intellectual properties….as co-investigators."); ¶ 46 (Contrary to points 7 and 8 of the Thrall affidavit….there is no reason to believe…. research program"); ¶ 48 (Given that the DoD

5

proposal…rests entirely on jointly owned data… rather than being merely 'illustrative'…without the misappropriated data…reviewers would not have been able to conclude….) See also ¶ 50, 51, 54 ("The lack of substantial collaboration…is also supported by …"); ¶ 55 ("The Research Misconduct Committee…did not interview or query…to validate the claim….").

In these paragraphs set forth in Exhibit A, the Akins, Caimano, Doblies and Radolf Affidavits make impermissible statements about their own opinions and beliefs or make statements that are obviously not facts and obviously not based on personal knowledge. For example, see Akins Affidavit ¶ 4 ("I am recognized for my expertise…Lyme Disease"); ¶ 8 ("Sometime between 1996 and 1997, the members of the Radolf laboratory…became aware…."); ¶ 16 ("In meeting….it was readily apparent to me that this work…); ¶ 17 ("…it was readily apparent to me …. minimal"); ¶ 27 ("It was the clear understanding between the Radolf laboratory and the Wikel laboratory…."); ¶ 28 ("It was obvious from the outset….clones pulled from it"); ¶ 29 ("The lack of expertise … became quite apparent …salivary glands"); ¶ 32 ("This fundamental idea ….under lies all of the subsequent tick-related EST research conducted by Dr. Wikel"); ¶ 33 ("…I have not observed any evidence…scientific level"); ¶ 34 ("The affidavit of Dr. Thrall does not indicate to me that ….new approach"); ¶ 35 ("Dr. Thrall's Affidavit (point 11) indicates that the Research Misconduct Committee…my expert opinion is that Dr. Wikel and colleagues…"); ¶ 36 ("My estimation…is supported by the lack….ESTs).

See also Caimano Affidavit ¶ 5 ("I am recognized for my expertise in …Lyme disease."); ¶ 7 ("I decided to join the Radolf laboratory because of Dr. Radolf's exceptional publication record …biology"); ¶ 8 ("At the time he was already internationally recognized …Lyme Disease."); ¶ 13 ("… it was obvious to me that the Wikel laboratory…"); ¶ 16 ("Moreover, it

was readily apparent that this work ….approach."); ¶ 30 ("…because no one in Dr. Wikel's laboratory had the technical background to participate in this work."); ¶ 38 ("These materials …were jointly owned … it would have been contrary to the established collaboration…It is also worth noting that …there was no one in his laboratory capable of working with it."); ¶ 40 ("It was my direct observation that …previously identified molecules…this visit was clearly also within the context of the collaboration with Dr. Radolf and Wikel."); ¶ 44 ("Dr. Thrall has no recognized or published expertise…."); ¶ 49 ("Contrary to the point 10 of the Thrall Affidavit, the modifications made by Dr. Wikel are purely technical and do not represent any conceptual advance….collaboration."). See also ¶ 50 and 51.

See also Doblies Affidavit, ¶ 14 ("It was clear to me …."); ¶ 15 ("I found myself ….."); ¶ 15 ("I strongly believe ….").

See finally, for example Radolf Affidavit ¶ 37, 38-39, 45 which are virtually identical if not verbatim to the Akins Affidavit ¶ 16, 17, 27 respectively. Likewise, the Radolf Affidavit ¶ 40, 54, 55, 56, 60, 90, 92, 94, 95, 98, 99, 100, 101, 102, 104, are virtually identical if not verbatim to the Caimano Affidavit ¶ 28, 23, 24, 33, 37, 44, 46, 93, 47, 48, 49, 50, 51, 52, 53, 55, respectively. These statements, as more fully set forth in Exhibit A are legal arguments and conclusions or statements of opinion or belief, rather than factual statements and should be stricken.

Numerous other paragraphs in the Radolf Affidavit contain legal arguments or conclusions. See for example ¶ 65 ("This idea was directly appropriated by Dr. Wikel for the DoD proposal submitted in September 2002"); ¶ 79 ("The administrative decision communicated to me by Drs. Deckers and

Berlin was taken without due process and in direct violation of my academic freedom as stated in the UConn bylaws"); ¶ 96 ("Contrary to point 10 of the Thrall Affidavit, it is well established in patent law that changes in plasmid vector cloning system, etc. such as that described here, do not represent significant advances over prior act."); ¶ 101 (...the resulting data are jointly owned...and cannot be viewed as either independently derived or Dr. Wikel's sole intellectual property"); ¶ 102 ("regarding point 12 of the Thrall Affidavit, there is no evidence to support the statement...").

### 3.    Statements That Are Not Admissible In Evidence <u>Must Be Stricken</u>

Rule 56(e) also requires that the facts set forth in the affidavit must be admissible in evidence. <u>See</u> <u>Rashen v. Wyatt Co.</u>, 125 F.3d 55, 66 (2d Cir. 1997). Thus, an affidavit cannot be based on heresay and cannot incorporate or quote the affidavit or deposition testimony of others. <u>See</u> <u>Sarno v. Wyatt Co.</u>, 183 F.3d 155 (2d Cir. 1999) (hearsay statements are inadmissible). Several paragraphs of the affidavits must be stricken because they rely on inadmissible hearsay. For example, <u>see</u> Akins Affidavit ¶ 8 ("Sometime between 1996 and 1997, the members of the Radolf laborarory ... became aware..."); ¶ 18 (".... Dr. Radolf began to discuss with laboratory members ..."); ¶ 23 ("At this time, Dr. Radolf was developing a collaboration ..."); ¶ 40 (This meeting ... and Drs. Radolf and Wikel intended to characterize ...."). <u>See</u> <u>also</u> Doblies affidavit ¶s 11-13.

Therefore, such statements should be stricken.

4.    **"Expert Opinions" of Affiants Should Be Struck For Failure to Disclose**

In her affidavit, Melissa Caimano claims she is recognized for her expertise in molecular microbiology and the pathogenesis of arthropod – borne infections, not having yet reached the basic level of Assistant Professor. She then purportedly provides her "expert opinion" in paragraphs 13, 44, 46, 48-55 of her Affidavit. Likewise, Darrin Akins claims he is recognized for his expertise in anthropod-borne infections and purportedly provides his "expert opinion" in paragraphs 16, 28, 29, 33-37 of his Affidavit. See also Doblies affidavit paragraph 5.

The Court's scheduling order required plaintiff disclose expert witnesses on or before June 30, 2004. Plaintiff has not done so and did not disclose Melissa Caimano, Darrin Akins or Uwe Doblies as experts nor did he provide expert reports. Therefore, the above-referenced paragraphs should be stricken for failure to comply with the Court's order.

B.    **LOCAL RULE 56(a)2 STATEMENT**

Each statement of material fact by an opponent in a Local Rule 56(a)2 Statement must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and /or (2) evidence that would be admissible at trial.

Plaintiff's responses to the Material Facts asserted by Defendant is replete with legal argument and conclusory statements and/or statements of opinion or belief. A review indicates that often the substance of the actual factual statement by Defendants is not denied but rather plaintiff inserts gratuitous legal argument. Likewise plaintiff will admit a factual statement but then utilize that admission as a forum to interject further legal argument. Often these arguments are not supported by evidence. As an example, in ¶ 36, plaintiff states "Deckers deceived

plaintiff into relinquishing his position in" without <u>factual</u> support for this conclusory statement. Moreover, this is not a statement of fact but rather an opinion. Numerous denials are supported by affidavits, portions of which Defendant has moved to strike as not factual statements, but rather legal argument, conclusions, opinions or beliefs. Moreover, certain denials are supported by material that contradicts the affiant's previous deposition testimony. <u>See</u> <u>Rashen v. The Wyatt Co.</u>, 125 F.3d 55, 63 (2d Cir. 1997). A party may not create an issue of fact by submitting an affidavit or evidence just by omission or addition, contradicts the affiant's previous deposition testimony,

Defendants respectfully submit that these portions of the Local Rule 56(a)2 Statement submitted by plaintiff must also be stricken.

Likewise, plaintiff submits in his Local Rule 56(a)2 Statement a section regarding "Issues of Material Fact As to Which it is Contended There is a Genuine Issue To Be Tried." Again, these paragraphs are replete with legal argument and conclusory statements rather than statements of fact. Further, as before, these paragraphs are also supported by reference to paragraphs of affidavits which Defendants submit should be stricken as legal argument conclusions, opinions or beliefs rather than factual statements. <u>See</u> Section A. <u>supra</u>. Defendants further submit that gratuitous explanations beyond "admit" should also be stricken as not in accordance with Local Rule 56(a)(3).

For the convenience of the Court, defendants have set forth in Exhibit B, those portions of the plaintiff's Local Rule 56(a)2 Statement which are objectionable as argumentative or based on conclusions, opinions or beliefs rather than facts as well as indications to the portions of supporting evidence which defendant has moved to strike for the very same reasons.

## CONCLUSION

For all of the reasons discussed above, defendants respectfully submit that this Court should grant defendants' Motion To Strike.

RESPECTFULLY SUBMITTED,

DEFENDANTS
UNIVERSITY OF CONNECTICUT, ET AL

RICHARD BLUMENTHAL
ATTORNEY GENERAL


JANE D. COMERFORD (Ct 06328)
ASSISTANT ATTORNEY GENERAL
UNIVERSITY OF CONNECTICUT
  HEALTH CENTER
263 Farmington Avenue
Farmington, CT 06030-3803
Tel. (860) 679-1114
Fax (860) 679-1997
E-Mail-Comerford@ADP.UCHC.EDU

## CERTIFICATION

This is to certify that on this 17th day of December 2004, the foregoing was mailed to counsel of record as follows:

Thomas W. Bucci, Esq.
Willinger, Willinger & Bucci, PC
855 Main Street
Bridgeport, CT 06604


Jane D. Comerford
Assistant Attorney General